

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 38th Floor*
*New York, New York 10278*

November 12, 2024

**BY ECF**
The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

Re:   *United States v. Jorge Miranda-Sang,* 24 Cr. 307 (PKC)

Dear Judge Castel:

The Government respectfully writes to request that the Court dismiss the supervised release case transferred to Your Honor from the District of Puerto Rico against defendant Jorge Miranda-Sang ("Miranda-Sang" or the "defendant"), captioned 24 Cr. 307 (PKC). Below is a summary of the procedural history.

On October 7, 2010, the defendant appeared for sentencing before the Honorable Francisco A. Besosa, U.S. District Judge, in the District of Puerto Rico (DPR), under 8 Cr. 310 (FAB), after pleading guilty to Conspiracy to Possess with the Intent to Distribute at least 700 Grams but less than 1 Kilogram of Heroin, within 1,000 feet of a Public Housing or a Public Elementary School or a Park, in violation of 21 U.S.C. 841(a)(1), 846, and 860, a Class B Felony. Miranda-Sang was sentenced as outlined above. In addition to the above special conditions, the Court ordered a $100.00 special assessment fee. On February 23, 2015, Miranda-Sang's sentence was reduced from 121 months to ninety-seven months' custody.

According to the Offender Payment Enhanced Report Access, Miranda-Sang satisfied the special assessment fee on November 8, 2011. On November 6, 2015, Miranda-Sang commenced his term of supervised release in the DPR, based on his residence in that district. According to the Probation Office in the DPR, Miranda-Sang had some challenges during his term of supervised release; specifically, he changed his address without notifying the Probation Office in the DPR, installed a device in the electricity monitor to obstruct electricity spending charges, and failed to comply with rent obligation.

On May 28, 2020, a violation of supervised release was filed in the DPR, and Miranda-Sang's conditions of supervised release were modified to include electronic monitoring. This condition was ordered removed on June 2, 2021, due to Miranda-Sang's resuming compliance with the conditions of supervised release.

November 12, 2024
Page 2

    Miranda-Sang resided in the DPR until his arrest in *United States v. Miranda-Sang*, 19 Cr. 536 (PKC), on July 22, 2021. In response to Miranda-Sang's arrest in the SDNY, on July 23, 2021, the Probation Office in the DPR submitted a request for warrant. On this same date, the Honorable Francisco A. Besosa, U.S. District Judge, DPR ordered the issuance of a warrant. The revocation hearing was continued *sine die* pending the outcome of Miranda-Sang's case in this District.

    On September 30, 2021, Miranda-Sang appeared in the SDNY before the Honorable Gabriel W. Gorenstein, U.S. Magistrate Judge, and was arraigned on 19 Cr. 536 (PKC). Miranda-Sang pled not guilty and was detained on consent without prejudice. On November 29, 2022, Mr. Miranda-Sang appeared for sentencing before Your Honor, after pleading guilty to the lesser-included offense of Conspiracy to Distribute and Possess with Intent to Distribute Cocaine, in violation of 21 U.S.C. 846 and 21 U.S.C. 841(b)(1)(B), a Class B Felony. Your Honor imposed a sentence of two hundred and forty (240) months' custody followed by an eight (8) year term of supervised release. At the time of sentencing the following special conditions were imposed: (1) Search Condition; and (2) Outpatient Substance Abuse Treatment and Testing. In addition, the Court ordered a $100.00 special assessment fee.

    On May 16, 2024, the SDNY accepted transfer of jurisdiction from the DPR for 8 Cr. 310 (FAB). The matter was assigned to the Honorable Margaret M. Garnett, U.S. District Judge, SDNY, under 24 Cr. 307 (PKC). While the case was initially assigned to Judge Garnett, the matter was reassigned to Your Honor.

    In light of the above procecdural history, the Government respectfully requests that the Court endorse this letter motion to dismiss the case captioned 24 Cr. 307 (PKC), without the need for the Probation Office to submit a violation of supervised release ("VOSR") report on the prior DPR supervised release conditions. The Government has spoken with the U.S. Probation Office and understands (a) that the Probation Office has not filed a VOSR report; (b) that a warrant was issued in connection with the above-described violation in DPR; and (C) that the Probation Office can dismiss the warrant without the need to appear on a violation by order of this Court.

The defendant is presently serving a sentence imposed by this Court in, U.S. v. Miranda-Sang, 19 CR 536(PKC). A transferred VOSR has been assigned to the undersigned, 24 CR 307(PKC). On application of the government, any open VOSR in 24 CR 307(PKC) is DISMISSED and 24 CR 307(PKC) is administratively closed.
SO ORDERED.
Dated: 11/15/2024

P. Kevin Castel
United States District Judge

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for
the Southern District of New York

By: Juliana N. Murray
Juliana N. Murray
Assistant United States Attorney
(212) 637-2314

cc: Urshala Herald and Daveena Tumasar, U.S. Probation Office (by Email)